THE PEOPLE OF THE STATE OF NEW YORK ex rel. BERTRAM W.
CASLER, Relator, *v.* GEORGE I. EYSAMAN and Others,
Respondents.

Supreme Court, Herkimer County, February 25, 1926.

**Municipal corporations — assessors — city of Little Falls acting under
Laws of 1921, chap. 300, abolished board of assessors and created depart-
ment of assessment and taxation — relator was appointed commissioner
— common council submitted propositions to voters to change back
to assessors and defendants were elected thereafter — defendants were
illegally elected — change could be made only under City Home Rule
Law, Laws of 1924, chap. 363 — propositions submitted to voters could
not be submitted at election at which State officers were voted on.**

The city of Little Falls, acting under chapter 300 of the Laws of 1921, having
abolished its board of assessors and created a department of assessment and
taxation, and the mayor and common council having appointed the relator as
commissioner of assessment and taxation, could not thereafter abolish the
department of assessment and taxation and provide for the election of a board
of assessors by submitting to the voters three propositions providing for the
election of one, two or three assessors, respectively, for the only way in which
the change back could be made was under chapter 363 of the Laws of 1924,
known as the City Home Rule Law.

Accordingly, defendants who were elected assessors after the voters had adopted
one of the propositions submitted by the common council, were illegally elected,
and the relator is still in office and entitled to act as commissioner of assessment
and taxation.

Furthermore, the three propositions submitted by the common council to the
voters could not have been submitted legally at the general election in 1924,
since State officers were chosen at said election, and as to proposition No. 3, it
was illegally submitted, since it was passed by the common council less than
ninety days before election day.

*It seems,* that the proper procedure would have been for the common council to
adopt an ordinance rescinding its prior action and repealing their act creating
a department of taxation and assessment, and then adopt a law creating a board
of assessors of three members in lieu thereof, which law would have to be
approved by the voters at a special election or at a general election in which
State officials were not voted for.

ACTION to determine title to office of commissioner of assessment
and of assessors of city of Little Falls.

*Albert Ottinger, Attorney-General,* and *James A. Evans, Special
Deputy Attorney-General,* for the relators.

*Arnold Blumberg,* for the respondents.

LOUIS M. MARTIN, J. Acting under chapter 300 of the Laws
of 1921, the city of Little Falls, N. Y., abolished its board of assessors
and created a department of assessment and taxation. This action
was taken August 2, 1921.

On January 3, 1924, plaintiff, relator, was duly appointed commissioner of assessment and taxation by the mayor and confirmed by the common council, and is still such commissioner duly qualified and acting in such capacity. Thereafter, and looking to a change in such office, by action of said common council, three propositions were submitted to the electors of said city to be voted upon at the next general election held in November, 1924, as follows: Proposition No. 1, providing for the election of three assessors; Proposition No. 2, providing for the election of two assessors, and Proposition No. 3, providing for the election of one assessor. Proposition No. 1 carried, and, in accordance therewith, on January 9, 1925, the said common council by resolution provided for the election of three assessors at the general election of November, 1925, and the three defendants were chosen at said election. They subsequently qualified and have acted in such capacity since January 1, 1926.

The said city through its common council acted legally and regularly under the provisions of chapter 300 of the Laws of 1921, and plaintiff, relator, is legally and properly in office. Neither said chapter 300 of the Laws of 1921 nor the charter of said city (Laws of 1895, chap. 565, as amd.) makes provision for a change of method after the city had once acted in the matter; and, if a change is desired, recourse must be sought under the City Home Rule Law (Laws of 1924, chap. 363, as amd. by Laws of 1925, chap. 397).

The three said propositions, so submitted, were not in accordance with the provisions of said act, but were simply for the information and guidance of the common council; nor could they be legally voted on at the general election of November, 1924, since State officers were chosen at said election. (State Const. art. XII, § 6; *Mills* v. *Sweeney*, 219 N. Y. 213, 218, 219.)

Again, proposition No. 3 could not have been legally voted on at said general election of November, 1924, for the further reason that it was passed by said common council less than ninety days before said election day. The proper ordinance should have been one rescinding the prior action of said common council and repealing their act creating this said department under chapter 300 of the Laws of 1921, and creating a board of assessors of three members in lieu thereof. Then such local law should have been submitted to the electors at a special election held not less than sixty days after the adoption thereof, if such ordinance so provided; or at a general election in such city not less than sixty days after its adoption. But such general election must be one held in a year when no State officials are to be elected.

Plaintiff, relator, being regularly and properly in office, there was

no such position to fill, and, therefore, no such thing as an office *de facto* exists. (*People ex rel. Snyder* v. *Hylan*, 212 N. Y. 236, 243.)

It, therefore, follows that said defendants are not, nor neither of them is, entitled to the office of assessor of the city of Little Falls, N. Y.; and that the said plaintiff, relator, Bertram W. Casler, is entitled to retain his present office as commissioner of assessment and taxation in said city.

Findings may be prepared and, if not agreed upon, submitted on two days' notice, and judgment accordingly.